*In Re:* F. LESLIE HECK

(No. 8979)

Submitted February 6, 1940. Decided March 19, 1940.

W. T. *Lovins,* for plaintiff in error.

*Kay, Casto & Amos, Vincent V. Chaney* and *William L. Howell,* for defendant in error.

KENNA, JUDGE:

This review was granted to F. Leslie Heck from an order entered in the Circuit Court of Jackson County directing that he be returned to Knox County, Ohio, pursuant to the application of the Ohio authorities for his extradition.

Heck was first arrested in Mason County on the twenty-first day of February, 1939, under a warrant issued by the Court of Common Pleas of Knox County, Ohio. He promptly petitioned the Honorable Lewis H. Miller, Judge of the Circuit Court of Mason County, and was awarded a writ of *habeas corpus ad subjiciendum,* returnable on the third day of March, 1939, at one o'clock P. M. at Ripley, in Jackson County. The order provided that Heck be admitted to bail. Heck appeared and moved to discharge the writ and dismiss the habeas corpus proceeding, which was done, automatically restoring him to custody under the Ohio warrant. Thereupon, Heck was immediately arrested upon an extradition warrant issued by the Governor of this state on the twenty-fourth day of February, 1939, which superseded all other proceedings for his extradition, and Judge Miller immediately proceeded to grant him a hearing upon the Governor's warrant, at the conclusion of which he directed that Heck be admitted to bond returnable on the third day of April, 1939, during the then term of the Circuit Court of Jackson County. As of that day, the order being reviewed was entered.

There are but three specific questions raised and briefed: That it was error, first, to arrest Heck and take him into custody under the Governor's extradition warrant at Ripley, in Jackson County, at a time when his presence there was entirely due to the process of the Circuit Court of Mason County issued in pending litigation, and at a time when he had just been restored

to custody by reason of having dismissed his petition for *habeas corpus;* second, that in order to direct his return to Ohio, it was necessary to find that an overt act had been committed by the accused in that state, and that the proof at the hearing did not so show; and third, that the charge against him in Knox County, Ohio, and the extradition proceedings based thereon are entirely for the purpose of collecting a debt or pecuniary mulct in violation of Code, 5-1-7 (Michie's 1937 Code, 5-1-7 [b]). While we have carefully examined the record with reference to each of these assignments of error, under our view of the controlling legal question in this proceeding they do not arise.

Sections eight and nine of article one of chapter five of the Code were enacted in 1937 (ch. 42, Acts 1937). Sub-section (d) of section nine and the sub-sections which follow provide for the arrest of fugitives from justice found in this state upon the oath or affidavit of a credible citizen of West Virginia or of another state, and for a preliminary examination before a judge or justice in order to determine whether the person in custody is the person legally accused of crime in another state from which he has fled. The statute then goes on to provide that if the showing warrants it, the accused person may be committed to jail to await extradition and may be held for thirty days, after which time he may be released or may be committed to custody for a period of sixty additional days. The statute also provides for the giving of bond. These, apparently, were the provisions under which Heck was heard by the Judge of the Circuit Court of Mason County sitting at Ripley, and beyond doubt would have been the proper proceeding to test the validity of Heck's arrest under the Knox County, Ohio, warrant, as the writ of *habeas corpus* awarded by the circuit judge would have done.

However, the same section (Code, 5-1-9) provides for proceedings under the Governor's extradition warrant, directing that the accused shall not be delivered to the agent appointed to receive him by the executive

authority of the demanding state, unless he shall first be taken before a judge of a court of record in this state who shall inform him concerning the accusation causing his arrest, of his right to legal counsel and, if the accused shall express his desire to test the legality of his arrest, shall fix a reasonable time within which the accused may apply for a writ of *habeas corpus*.

Plainly there is one method of procedure if the fugitive is taken into custody before the issuance of the Governor's extradition warrant. This involves an inquiry by a judge or justice, the proceedings of which are available to the executive in reaching his subsequent conclusion as to whether or not an extradition warrant will issue. If the accused is taken into custody upon the extradition warrant of the Governor, the procedure differs. He shall then be taken forthwith before a judge of a court of record who shall fully inform him as to the reasons for his being taken into custody, his right to be represented by counsel, and, if the accused expresses the desire to resist extradition, shall grant him a reasonable postponement in order that he may apply for a writ of *habeas corpus*.

Although there is no language contained in this article which expressly confines the method for testing the legality of an extradition warrant issued by the Governor of this state to a *habeas corpus* proceeding, we are of the opinion that by clear implication that was the legislative purpose and the unavoidable consequence of the 1937 amendment. *Habeas corpus* is the common law and constitutional method to try out and test the legality of a confinement, and, in the absence of a statutory method, is the only procedure by which that may be done. There are no statutory provisions for a preliminary hearing when a person is taken into custody upon the Governor's extradition warrant. The consequence is that *habeas corpus* is the remaining remedial procedure, which fact is clearly recognized by the language of the statute.

The extradition warrant of the Governor of West

Virginia being still outstanding, and Heck having been taken into custody thereunder and the Judge of the Circuit Court of Jackson County having admitted him to bail pursuant to the statutory provisions, the order of the Circuit Court of Jackson County, entered as of the third day of April, 1939, will be set aside and this proceeding remanded with directions to the Judge of the Circuit Court to fully advise the accused concerning his rights and to give him a reasonable opportunity to resist extradition by applying for a writ of *habeas corpus* should that be his desire, after which to deliver him to the agent of the demanding state should no writ of *habeas corpus* issue.

*Reversed and remanded.*