George Beisheim, Jr., J.
In this writ of habeas corpus, the relator applies for an order releasing him from the custody of the Sheriff of Westchester County, and for dismissal of extradition proceedings instituted by the State of Pennsylvania. He is presently held in custody under a warrant of the Governor of the State of New York issued upon the requisition of the Governor of the State of Pennsylvania.
The relator was taken into custody in this jurisdiction on or about May 17, 1968, on charges which ultimately resulted in an indictment by the Grand Jury of Westchester County for burglary in the third degree, possession of burglar’s tools, assault in the second degree and resisting arrest. On September 18, 1968, he pled guilty to two misdemeanors in full satisfaction of the indictment and was sentenced on October 11,1968, to concurrent terms of one year. Relator remained in custody under these sentences until the completion in March, 1969. On November 6, 1967, a bench warrant was issued from Montgomery County, Pennsylvania, charging the relator with a violation of parole. This warrant was received by the Sheriff of Westchester County on January '27, 1968, and on March 13, 1969, the relator was arraigned on the fugitive information, refused to waive extradition and bail was set at $1,000. On April 11, 1969, relator was informed that there was also an outstanding charge from the State of Pennsylvania of ££ Assault with Intent to Ravish a fifteen-year old juvenile ”. On April 22, 1969, relator was arraigned on the warrant of the Governor of the State of New Ydrk dated April 10, 1969, for his extradition to the State of Pennsylvania.
The Pennsylvania requisition certifies that the relator is charged with the crimes of burglary and assault and battery with intent to ravish and a violation of parole upon a conviction for operating a motor vehicle under the influence of liquor.
The request for extradition on the crimes of burglary and assault and battery with intent to ravish is supported by a copy of an affirmation entitled ££ Criminal Complaint ” sworn to by *490 the complaining witness before a Magistrate and a copy of the warrant which was issued thereon. The affirmation recites where pertinent that on September 16, 1967, relator committed said crimes as follows: ‘ ‘ The act or acts committed by the accused were Assault & Battery with intent ot [sic] ravish; Burglary; At or about 2:10 a.m. I was asleep in my bedroom which is on the first floor front room at 338 E. Airy St. Norris-town, Pa. I was awakened by someone lifting my nightgown and pulling on my panties from in back of me. I realized there was someone in my bed and I screamed for my Mother. A hand was clamped over my mouth and I was told to shut up. I recognized the voice and could smell a strong odor of liquor on the mans breath. He kept on trying to pull my pants off and I kept fighting him off he put a pillow across my face, and kept saying shut up, I got my face out and began screaming and my Uncle came to the door thinking I was having a nightmare. About that time the man who I recognized as Calvin Grice jumped out the bed and nearly knocking my Uncle down ran out the front door. When we put the lights on we found that he had taken off his shirt trousers and shoes and fled without them.”
The warrant of extradition based on the charges of burglary and assault and battery with intent to ravish is opposed by the relator upon the grounds that (1) he has been denied a speedy trial in the State of Pennsylvania with respect to said criminal charges, (2) the papers in support of the extradition with respect to the criminal charges are legally insufficient in that the affirmation is conelusory in form and fails to meet the standards of due process and probable cause for the issuance of the warrant, and (3) that he was not in the State of Pennsylvania on September 16,1967, the date of the alleged crimes, and he is not the person charged with said crimes.
The relator’s claim that his constitutional rights have been violated by lack of a speedy trial in the State of Pennsylvania is not the proper subject of a habeas corpus proceeding challenging the validity of an extradition process (People ex rel. Higley v. Millspaw, 281 N. Y. 441, 445; People ex rel. Arnold v. Hoy, 32 Misc 2d 824; People ex rel. Arnold v. Allen, 30 Misc 2d 1031).
Turning to the second ground argued by the relator, the papers before the court reveal that, in compliance with section 830 of the Code of Criminal Procedure, the requisition of the Governor of Pennsylvania is based upon an affirmation made before a Magistrate in Pennsylvania together with a copy of the warrant which was issued thereon and that the affirmation, which is sworn to by the alleged victim, substantially charges the accused with *491 having committed the crimes of burglary (Pa. Stat., tit. 18, § 4901) and assault with intent to ravish (Pa. Stat., tit. 18, § 4722) and inasmuch as the affirmation was sworn to by the alleged victim who had knowledge of the facts, it is not conelusory and it meets the standards of due process and probable cause for the issuance of the warrant (People ex rel. Hinckley v. Tutuska, 20 N Y 2d 684 [1967]). The fact that the affirmation was sworn to by the alleged victim having personal knowledge of the acts constituting the alleged crimes distinguishes the case before the court and the Hinckley case from People v. Artis (32 A D 2d 554 [2d Dept., 1969]), where the affidavits were made by a person not having such personal knowledge.
The relator, however, is entitled to a hearing to determine whether or not he was in the State of Pennsylvania at the time of the commission of the crimes charged (People ex rel. Matockik v. Baker, 306 N. Y. 32, 38; People ex rel. Higley v. Millspaw, supra, p. 447; People ex rel. Pirone v. Police Comr. of City of N. Y., 15 A D 2d 809). The hearing should also embrace the issue of whether relator is the person charged with the crimes allegedly committed in Pennsylvania (Code Crim. Pro., § 849).
Extradition of the relator requested on the further ground of an alleged violation of parole upon a conviction for operating a motor vehicle under the influence of liquor is supported by a certified copy of a petition dated November 6,1967,-by the Chief Probation Officer of Montgomery County, Pennsylvania, to the Court of Quarter Sessions, Montgomery County, apparently signed by a Judge of said court reciting the pertinent facts pertaining to the alleged parole violation. The papers are insufficient, however, in that they fail to provide a copy of a judgment of conviction or the sentence imposed in execution thereof as required by section 830 of the Code of Criminal Procedure. Whether or not under Pennsylvania law the equivalent to a judgment of conviction or the sentence imposed has been furnished may be shown at a hearing.
In accordance with the foregoing, the court sets this matter down for a hearing on July 9,1969, at 2:00 p.m., upon the question (1) whether or not the relator was in the State of Pennsylvania on September 16, 1967, the date of the alleged crimes; (2) whether the relator is the person charged with said crimes; and (3) whether the papers furnished by Pennsylvania are the equivalent under Pennsylvania law to a copy of the judgment of conviction and sentence of the Pennsylvania court.
The aforesaid constitutes the decision and order on the motion.
The District Attorney is directed to serve a copy of this decision and order, with notice of entry, upon relator’s counsel