## 26125.  MITCHUM v. STYNCHCOMBE.

HAWES, Justice. The appeal here is from the order of a Judge of the Superior Court of Fulton County remanding petitioner to custody under an executive warrant granting extradition to the State of Florida. In his appeal the appellant makes four basic contentions: (1) that the statute of the State of Florida under which he is charged is unconstitutional and has been so held by a 3-judge Federal District Court in that State; (2) that, under the facts appearing, appellant could not have had the requisite knowledge of the obscene nature of the magazine which he is charged with selling in the State of Florida so as to be guilty of knowingly selling the same; (3) that his arrest and detention and surrender to the State of Florida under the provisions of Sec. 6 of the Act approved February 21, 1951 (Ga. L. 1951, pp. 726, 728; *Code Ann.* § 44-407), the Uniform Criminal Extradition Act, which cited section permits granting of extradition of one who was not in the demanding State at the time the crime was committed is unconstitutional; and (4) that the executive warrant was void because it was issued for the arrest of a fugitive from justice, when the demand, requisition and supporting documents show that the applicant was not a fugitive within the accepted meaning of that term.

1. "When, in the trial of a habeas corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has

complied with the Constitution and the law, and this presumption continues until the contrary appears." *Blackwell v. Jennings,* 128 Ga. 264 (2) (57 SE 484). Upon such a showing, however, evidence as to the guilt or innocence of the accused is not relevant since the courts of the asylum State cannot inquire into that question. *Barranger v. Baum,* 103 Ga. 465, 473 (30 SE 524, 68 ASR 113). Accordingly, the issue as to whether the accused in this case "knowingly" committed an act in violation of the Florida statute presents no question for the Georgia courts on a habeas corpus hearing such as this.

2. Neither can the courts of the asylum State inquire into the constitutionality of the law under which the accused is charged in the demanding State. These are questions which can only be raised before the courts of the demanding State on the issue of the guilt or innocence of the accused of any crime. Drew v. Thaw, 235 U. S. 432 (35 SC 137, 59 LE 302); Sweeney v. Woodall, 344 U. S. 86 (73 SC 122, 97 LE 111). This is true notwithstanding that a 3-Judge Federal District Court of the State of Florida may have declared the Act under which the accused was charged to be unconstitutional. That decision is not decisive of the question and whether the Act is in fact unconstitutional is a question which can properly be raised before the courts of the demanding State.

3. No issue was raised in the trial court respecting the constitutionality of Sec. 6 of the 1951 Act (*Code Ann.* § 44-407), and, therefore, no such question is properly before this court on appeal.

4. While the warrant recites that the defendant is a fugitive from justice, it further recites that it is issued pursuant to the authority contained in the Uniform Criminal Extradition Act. When the warrant is considered in relation to the supporting documents, it is apparent that it was issued pursuant to the provisions in Sec. 6 of that Act. The warrant was not void for any reason urged by the appellant.

5. The trial judge did not err in remanding the appellant to the custody of the sheriff.

*Judgment affirmed. All the Justices concur.*
SUBMITTED OCTOBER 14, 1970—DECIDED JANUARY 29, 1971.

*Haas, Holland, Freeman, Levison & Gibert, William R. King,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Mel England,* for appellee.