STATE *ex rel.* ESTEE MITCHELL

*v.*

BESSIE ALLEN, *Sheriff, etc.*

(No. 13125)

AND

STATE *ex rel.* HERMAN B. WASHINGTON

*v.*

BESSIE ALLEN, *Sheriff, etc.*

(No. 13126)

Submitted November 16, 1971.   Decided December 7, 1971.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Willard A. Sullivan, Jr.,* Assistant Attorney General, for plaintiff in error.

*Don A. Barr,* for defendant in error Mitchell.

*Eugene R. White,* for defendant in error Washington.

BERRY, JUDGE:

These cases are appeals by Bessie Allen, the Sheriff and Jailer of Marshall County, West Virginia, from judgments of the Circuit Court of Marshall County entered on June 14, 1971 and June 18, 1971 granting writs of habeas corpus to Estee Mitchell and Herman B. Washington invalidating extradition warrants and releasing them from custody of the appellant. The two cases involve identical matters and were consolidated for argument and decision. The petitioners in the habeas corpus proceedings alleged that they were being unlawfully detained after their release from the West Virginia State Penitentiary at Moundsville, because of extradition warrants issued by the Governor of West Virginia at the request of the Governor of Virginia. The warrants were issued to return the petitioners to the State of Virginia for the crime of escape from the Virginia Penitentiary in 1963, and were in proper form. The petitioners in the habeas corpus proceedings contended that they were denied the right to a speedy trial under the Sixth Amendment of the Constitution of the United States since the alleged escape occurred more than seven years before the extradition proceedings had been instituted by the State of Virginia. The Circuit Court of Marshall County agreed with this contention and released the prisoners from custody of the appellant.

Upon application to this Court writs of error and supersedeas were granted on September 15, 1971 and requests for leave to move to reverse the two cases were granted on September 20, 1971. The cases were set for hearing on the motions to reverse October 26, 1971 but were continued until November 16, 1971 at which time the cases were submitted for decisions on briefs and arguments of the parties.

The petitioners escaped from the Virginia State Penitentiary on July 10, 1963 after which they entered West Virginia, were indicted and convicted for armed robbery and sentenced to the West Virginia State Penitentiary at Moundsville. On January 7, 1964 the State of Virginia filed fugitive warrants with the Warden of the West Virginia Penitentiary charging the petitioners with escape. By executive agreement of the Governor of Virginia and the Governor of West Virginia, the petitioners were returned to Amelia County, Virginia, in 1964 to answer malicious wounding charges pending against them after their escape from the Virginia Penitentiary. They pleaded guilty to this charge, received sentences of four years and were returned to the West Virginia Penitentiary. No action was taken on the indictments for escape which were pending at that time in Henrico County, Virginia.

The petitioners were released from the West Virginia Penitentiary in May, 1971 and were taken into custody by the Sheriff of Marshall County pending extradition proceedings at which time they instituted the habeas corpus proceedings involved in these appeals.

It is the contention of the appellant that the Circuit Court of Marshall County erred in considering the question of whether the petitioners' constitutional rights to a speedy trial in Virginia were violated at the habeas corpus hearings, because the question is not a proper subject in habeas corpus proceedings challenging the validity of extradition warrants. This contention is well taken, because it has been repeatedly held that the courts

in an asylum state cannot determine constitutional questions with regard to crimes charged against fugitives in a demanding state. It is for the courts of the demanding state to determine such question in the first instance. *Sweeney* v. *Woodall*, 344 U.S. 86, 73 S. Ct. 139, 97 L. Ed. 114; *Marbles* v. *Creecy*, 215 U.S. 63, 30 S. Ct. 32, 54 L. Ed. 92; *Walden* v. *Mosley*, 312 F. Supp. 855; *Woods* v. *Cronvich*, 396 F.2d 142; *Ex Parte Grooms*, (Tex.), 468 S.W.2d 817; *Mitchum* v. *Stynchcombe*, 227 Ga. 226, 179 S.E.2d 919; *People ex rel. Arnold* v. *Hoy*, 32 Misc. 2d 824, 223 N.Y.S.2d 759; *People ex rel. Grice* v. *Wright*, 60 Misc. 2d 488, 301 N.Y.S.2d 706.

The type of constitutional rights involved is immaterial. It has been specifically held that where the petitioners in a habeas corpus proceeding in an asylum state where the petitioners are being held by virtue of extradition warrants from a demanding state contend that they should be released from custody because their constitutional rights to a speedy trial have been violated in the demanding state, it is not proper for the courts in the asylum state to consider the question. *People ex rel. Arnold* v. *Hoy, supra; People ex rel. Grice* v. *Wright, supra.*

In habeas corpus proceedings instituted to determine the validity of custody where petitioners are being held in connection with extradition proceedings, the asylum state is limited to considering whether the extradition papers are in proper form; whether there is a criminal charge pending in the demanding state; whether the petitioners were present in the demanding state at the time the criminal offense was committed; and whether the petitioner is the person named in the extradition papers. *Walden* v. *Mosley, supra; State ex rel. Gegenfurtner* v. *Granquist*, (Minn.), 135 N.W.2d 447.

The court in an asylum state where habeas corpus proceedings are instituted to prevent the rendition to another state where the petitioner is charged with a crime can assume that his constitutional rights will be adequately protected in the demanding state where the crime

is alleged to have been committed and where such issues should be determined in the first instance. *Sweeney* v. *Woodall, supra; Marbles* v. *Creecy, supra; Woods* v. *Cronvich, supra.*

It appears from the stipulation filed in the instant case, and the opinion of the trial court, that the petitioners have not served the entire sentences heretofore imposed upon them for the commission of felonies in the State of Virginia as a result of their escape. This being true, the petitioners remain charged with the original crimes because the judgment of conviction remains unsatisfied and this is also sufficient in the instant case for the denial of relief sought in the habeas corpus proceedings. The extradition papers show the charge as a crime of escape and this is sufficient in such cases for the return of the petitioners to serve the remainder of the sentence for the original crime for which they were sentenced to the Virginia Penitentiary. 35 C.J.S., *Extradition,* § 9, p. 389; *Griggs* v. *State,* (Alaska), 481 P.2d 388; *Walden* v. *Mosley, supra.*

This principle is stated in point one of the syllabus of the case of *State ex rel. Sublett* v. *Adams,* 145 W.Va. 354, 115 S.E.2d 158, in the following language: "A person, after having been convicted of a crime committed within a state and not having served in full the sentence resulting therefrom, who when sought for to be subjected to the sentence of the court is found in another state, is a fugitive from justice within the meaning of the extradition clause of the United States Constitution, Article IV, Section 2."

For the reasons stated herein, the motions to reverse are granted and the judgments of the Circuit Court of Marshall County are reversed.

> *Motions to reverse granted;*
> *judgments reversed.*