GEORGE WOOTEN, SAM BLANKENSHIP AND EDDIE DAVIS

*v.*

H. L. HATFIELD, *Sheriff*

*And*

PAUL R. GOODE, JR., *Prosecuting Attorney*

(No. 15436)

Decided February 26, 1982.

*Richard G. Rundle and Harlen Ray Tiller* for petitioners.

*Chauncey H. Browning,* Attorney General, *and Richard S. Glaser, Jr.,* Assistant Attorney General, for respondents.

PER CURIAM:

In this proceeding the appellants seek to prevent the enforcement of an order of the Circuit Court of Wyoming County ordering their extradition to the State of Virginia pursuant to rendition warrants issued by the Governor of the State of West Virginia.[1] Appellants advance several arguments challenging both the statutory proceedings that took place following their initial arrest and the proceedings that took place following the issuance of rendition warrants against them on July 11, 1981. We find nothing that occurred in those proceedings or in the statutory provisions relating thereto which would bar

---

[1] Prohibition is ordinarily not the proper method to obtain review of a circuit court judgment denying a petition for writ of habeas corpus challenging extradition. The proper procedure is to appeal the habeas corpus denial. Syl. pt. 2, *In Re Heck*, 122 W.Va. 175, 7 S.E.2d 866 (1940). Since the appellants have filed the record of the Habeas corpus proceeding in the trial court, we treat their petition for a writ of prohibition as a habeas corpus appeal.

extradition; however, one of appellants' legal arguments has merit and requires reversal.

Upon demand of the Governor of Virginia, the Governor of West Virginia issued rendition warrants for the arrest of the appellants on July 11, 1981. Pursuant to the warrants, the appellants were arrested on July 15, 1981, and at hearing held shortly thereafter, the circuit court released the appellants on bond and continued the extradition proceedings until an appropriate official from Virginia could be available to testify. It appears that the hearing was subsequently continued at the request of both parties.

On September 18, 1981, the appellants filed a petition for a writ of habeas corpus pursuant to *W.Va. Code*, 5-1-9(a). On September 23, a hearing was held, resulting in the judgment extraditing the appellants pursuant to the rendition warrants but the judgment was stayed to permit an appeal.

At the September hearing, the State introduced the rendition warrants and all extradition papers on which they were issued. The trial court found the extradition warrants and supporting materials on which they were issued were in proper authenticated form and created a prima facie case for extradition. See, *State ex rel. Gonzales v. Wilt*, 163 W.Va. 270, 256 S.E.2d 15 (1979); 31 Am.Jur.2d *Extradition*, § 62, 66 (1967). The trial court also determined, however, that the hearing related exclusively to extradition because the extradition warrants were filed prior to the petition for a writ of habeas corpus and that the only issues that could be raised were whether the extradition papers were in proper form and identity, i.e., whether the appellants were the persons named in the extradition papers. Since the court found the extradition materials were in proper authenticated form and identity had not been put in issue by the evidence, it granted extradition.

The trial court should have considered the hearing as a civil proceeding in habeas corpus. By the terms of *W.Va.*

*Code,* 5-1-9(a),[2] the appellants were entitled to a habeas corpus hearing to challenge the governor's rendition warrants and it was error to have deprived them of that right. Furthermore, "[a] habeas corpus proceeding is the only method by which the validity of an extradition warrant issued by the Governor may be tested and the custody by virtue of such warrant may be questioned." Syl. pt. 2, *In Re Heck,* 122 W.Va. 175, 7 S.E.2d 866 (1940).

The trial court also committed an error of law in ruling that it could not consider the issue of whether the appellants were fugitives from justice, meaning generally that they are present in the demanding state at the time the alleged criminal offense was committed. This issue has traditionally been a proper matter for consideration in habeas corpus proceedings challenging extradition. Syllabus point 1 of *State ex rel. Gonzales, v. Wilt,* 163 W.Va. 270, 256 S.E.2d 15 (1979), *quoting,* syl. pt. 2, *State ex rel. Mitchell v. Allen,* 155 W.Va. 530, 185 S.E.2d 355 (1971), sets forth the limited issues that may be considered:

> In habeas corpus proceedings instituted to determine the validity of custody where petitioners are being held in connection with extradition proceedings, the asylum state is limited to considering whether the extradition papers are in

---

[2] West Virginia adopted the Uniform Criminal Extradition Act, *W.Va. Code,* 5-1-7 to 5-1-13, in 1937. The legal procedures applicable where a person is arrested on a governor's warrant are established by *W.Va. Code,* 5-1-9(a), which reads:

"No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting attorney of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state."

proper form; whether there is a criminal charge pending in the demanding state; whether the petitioner was present in the demanding state at the time the criminal offense was committed; and whether the petitioner is the person named in the extradition papers.

Because the trial court proceeded under a mistaken view of the legal issue cognizable in a habeas corpus challenge to extradition, it refused to consider testimony bearing on the fugitive from justice issue and denied the appellants the right to call a material witness on the issue of their presence in the demanding state at the time the charged offense was committed. The trial court should have permitted the appellants to develop this evidentiary point in an attempt to overcome or rebut the prima facie case in favor of extradition established by the properly issued rendition warrants.

For the foregoing reasons, the judgment of the Circuit Court of Wyoming County is reversed and the case is remanded for a supplemental habeas corpus hearing with directions that both the State and the appellants be permitted to offer additional evidence as they may deem advisable. The issues will then be redetermined by the trial court and specific findings of fact and conclusions of law shall be entered.

*Reversed and remanded.*