486 S.E.2d 588

**STATE of West Virginia ex rel. Debra NELSON, a/k/a Debra Horn, Petitioner Below, Appellee,**

**v.**

**Travis GRIMMETT, Sheriff of Logan County, West Virginia Respondent Below, Appellant.**

**No. 23891.**

Supreme Court of Appeals of West Virginia.

Submitted April 23, 1997.

Decided May 12, 1997.

George L. Partain, Partain & Forester, Logan, for Appellee.

Darrell V. McGraw, Jr., Attorney General, Scott E. Johnson, Assistant Attorney General, Charleston, for Appellant.

PER CURIAM.

This is an appeal by the State of West Virginia from an order of the Circuit Court of Logan County in a habeas corpus proceeding. In that order the circuit court directed Travis Grimmett, Sheriff of Logan County, to discharge from custody Debra Nelson, who was in Mr. Grimmett's custody on an extradition warrant. In so doing the court concluded that the evidence adduced in support of the extradition warrant failed to show that Debra Nelson had knowingly and intelligently waived her right to counsel during criminal proceedings in South Carolina which gave rise to the extradition proceeding, and that the judgments which provided the basis for the extradition proceeding were void. In the present proceeding the State claims that the counsel issue was not a proper matter for the circuit court's consideration in a habeas corpus proceeding testing the validity of the extradition proceeding. We agree, and as a consequence, we reverse the decision of the circuit court, and we remand this case with directions that the circuit court allow the extradition of Debra Nelson to proceed.

The documents filed in this proceeding indicate that Debra Nelson was convicted in South Carolina of uttering nine bad checks and sentenced to 270 days in jail. The documents also indicate that she later escaped. After her escape, she fled to West Virginia. A magistrate in South Carolina thereafter issued a warrant for her arrest for escape, and after the issuance of the warrant, the State of South Carolina requested in writing that the State of West Virginia extradite Debra Nelson to South Carolina. The request, by the Governor of South Carolina, indicated that Debra Nelson was in South Carolina when she uttered the bad checks and that she had fled that state. Other authenticated documents were also filed which indicated that Debra Nelson had committed crimes in South Carolina and was a fugitive from that state.

After receiving the request of the Governor of South Carolina, the Governor of West Virginia issued a warrant for the arrest of Debra Nelson, and she was arrested in Logan County.

After the arrest the Circuit Court of Logan County on November 16, 1993, entered an order finding that the extradition papers were in proper order, that there were criminal charges against Debra Nelson, and that Debra Nelson was the person named in the extradition papers. Accordingly, the circuit court concluded that extradition was appropriate.

Debra Nelson filed a petition for appeal of the circuit court's order with this Court on December 20, 1993. Among other things she claimed that she was entitled to file a petition for a writ of habeas corpus challenging the Governor's Rendition Warrant. On March 1, 1994, this Court concluded that Debra Nelson was entitled to a habeas corpus hearing and issued a writ of habeas corpus to the Circuit Court of Logan County directing that the circuit court conduct a hearing in the matter.

On September 11, 1995, the circuit court conducted a habeas corpus hearing. At that hearing counsel for Debra Nelson took the position that the documents did not show that she had been represented by counsel or waived counsel in the proceedings giving rise to the South Carolina convictions, and also took the position that the deprivation of counsel rendered the judgments void. The State of West Virginia could not produce evidence that she had been represented by counsel in the South Carolina proceeding, and, as a consequence, the circuit court at the conclusion of the habeas corpus proceeding ruled that the judgments giving rise to the extradition proceeding were void, and that Debra Nelson was entitled to release

from custody. In his order the circuit judge stated:

> In support of the requisition from South Carolina, nine separate certified judgments of conviction from Kershaw County, South Carolina, were submitted to the Governor of West Virginia. None of the nine judgments of conviction on their face reflect that Petitioner was represented by counsel at the trials where she was convicted. The judgments are therefore presumptively void.

The court went on to state that Debra Horn claimed that the checks giving rise to her South Carolina convictions had been paid off and had proffered to the court evidence that four of the checks were paid off prior to her incarceration, and that South Carolina Code 34–11–90 would prohibit incarceration for their checks since they had been paid off.

In the present proceeding the State of West Virginia takes the position that the circuit court exceeded its constitutional and statutory authority by granting a writ of habeas corpus based on an issue not cognizable in an extradition habeas corpus proceeding. Specifically, the State takes the position that under West Virginia Extradition Law, only four issues are appropriate for consideration in an extradition habeas corpus proceeding. Those issues are: 1) whether the extradition documents are in proper form; 2) whether there is a criminal charge pending in the demanding state; 3) whether the habeas corpus relator was present in the demanding state at the time the criminal offense was committed, and 4) whether the habeas corpus relator was the person named in the extradition proceedings. The State also takes the position that claims of constitutional defenses against charges in the demanding state are not cognizable in an extradition habeas corpus proceeding.

In examining West Virginia Code § 5–1–7, the portion of West Virginia's extradition statute indicating when extradition is appropriate, this Court notes that West Virginia Code § 5–1–7(c) provides that:

> No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under subdivision (g) of this section, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found, or by information supported by affidavit, in the state having jurisdiction of the crime, or by copy of an affidavit made before a magistrate or justice there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate or justice must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand.

In *State ex rel. Mitchell v. Allen,* 155 W.Va. 530, 185 S.E.2d 355 (1971), this Court addressed the question of what precisely had to be shown to support the extradition of an individual from West Virginia given the language of West Virginia's extradition law. In the *Mitchell* case two individuals who had been arrested on extradition warrants claimed that they had been denied their federal constitutional right to a speedy trial. This Court after examining the facts of their cases and the law relating to the question concluded in Syllabus Point 1 of *State ex rel. Mitchell v. Allen, Id.,* that:

> The courts in an asylum state cannot determine constitutional questions with regard to crimes charged against fugitives in a demanding state in habeas corpus proceedings challenging the validity of extradition warrants. It is for the courts of the demanding state to determine such questions in the first instance.

This Court went on to hold in Syllabus Point 2, that:

> In habeas corpus proceedings instituted to determine the validity of custody where

petitioners are being held in connection with extradition proceedings, the asylum state is limited to considering whether the extradition papers are in proper form; whether there is a criminal charge pending in the demanding state; whether the petitioner was present in the demanding state at the time the criminal offense was committed; and whether the petitioner is the person named in the extradition papers.

The holding of this Court in *State ex rel. Mitchell v. Allen,* was challenged in the Supreme Court of the United States, and that Court denied certiorari in the case in 1972. *Mitchell v. Allen, Sheriff,* 406 U.S. 946, 92 S.Ct. 2048, 32 L.Ed.2d 333 (1972).

More recently in *State v. Belcher,* 188 W.Va. 73, 422 S.E.2d 640 (1992), this Court again visited the question of what was appropriate for consideration in a habeas corpus proceeding instituted to determine the validity of custody where an individual was being held in connection with an extradition proceeding, and in that case this Court affirmed the essential holding of *State ex rel. Mitchell v. Allen, supra.*

■ It appears to this Court that the papers underlying the extradition of Debra Nelson in the present proceeding are in proper form and that an appropriate determination was made that the Debra Nelson presently being held is the individual named in the extradition papers. The Court notes that the question relating to the presence or absence of counsel is a constitutional question similar to the speedy trial question raised in *State ex rel. Mitchell v. Allen, supra,* and as in *State ex rel. Mitchell v. Allen, supra,* the Court does not believe that such question can properly be determined by habeas corpus proceedings in West Virginia. Such question is exclusively for the courts of the demanding state, in this case the State of South Carolina, to determine in the first instance.

In view of the holdings of this Court in *State ex rel. Mitchell v. Allen, supra,* and *State v. Belcher, supra,* this Court believes that the Circuit Court of Logan County erred in granting Debra Nelson the habeas corpus relief which she sought and that the

judgment of the circuit court must be reversed.

For the reasons stated, the judgment of the Circuit Court of Logan County is reversed and this case is remanded with directions that the circuit court allow the State to proceed with the extradition of Debra Nelson.

Reversed and remanded with directions.

STARCHER, Justice, concurring:

As a trial judge I encountered several cases like this one, where after looking at all of the evidence, I became fairly certain that the ends of justice would not be served by sending someone to a requesting state for one of our lesser non-violent offenses— worthless checks. So I tried to use the inherent "wiggle room" in our legal system to see if something positive could be salvaged in a difficult situation.

I recall one such case, where a young man from our community was driving for a local taxi company; he was pulled over by the local police for having too many people in his cab. A computer check found that Texas had a warrant out for him for not paying court fines and restitution, and for skipping out on his probation. The underlying offense involved bad checks. So the young man was duly slapped in the Monongalia County jail, and extradition papers from Texas duly arrived, festooned with seals and ribbons.

The young man's lawyer made the creative argument that the entire Texas prison system had recently been adjudged unconstitutional, and therefore, extradition was not permitted. While I did not necessarily buy the lawyer's argument, I thought that there was a possible resolution that would serve the ends of justice, and not break up this young man's life, which he was trying to put together.

So I kept him in our jail, but let him out to work. After he had worked for some time, I let him out on bail. And I told our prosecutor to tell Texas that the court was considering the matter. I also required the young man to immediately begin making restitution payments to Texas.

After about two years, Texas was paid off. The young man was not a perfect citizen—few are. He fell off the wagon a couple of times, and I think I locked him up once more when he got behind in his payments, but he did pay.

In a small way, this is a success story, and I know that circuit judges in this State help write such stories every day. What were the key ingredients to this modest success story?

First, a lawyer was willing make a creative argument. Second, a judge was willing to take a creative approach to doing justice, and finding room within the law, including the patience that the law properly respects in appropriate cases.

A third and important ingredient was the fact that the representatives of the prosecuting arm of the State of West Virginia were willing to give a creative approach a chance—because the State could have appealed my actions right away, and there's a good chance that the result would have been this young man, in shackles and leg irons, would have been off to Texas.

In the instant case, the third element is missing. The State is before us pressing an appeal of the circuit judge's action; we must apply the cold letter of the law. By law, I must concur.

I think that the circuit judge probably had a good handle on this situation. While making no claim that the defendant is an angel, the underlying offenses relate to worthless checks. I think that the State could have told the folks in South Carolina, let's just hold off and see if we can work something out that will satisfy you folks and avoid the extradition. Perhaps South Carolina would have allowed Ms. Nelson to do her time in Logan County. I have done that, too.

This matter could have been resolved with substantial justice to all parties had the State allowed the wisdom of a local circuit judge to take its course.