Jambs D. Hopkins, J.
The relator applies for an order discharging him from the custody of the Sheriff of Westchester County, and for the dismissal of extradition proceedings instituted by the State of Rhode Island. He is presently held in custody under a warrant of the Governor of the State of New York issued upon the requisition of the Governor of the State of Rhode Island.
On August 4, 1961 the relator was released from Sing Sing Prison upon the completion of a term of imprisonment; he was then taken into the custody of the Sheriff of Westchester under a warrant of the County Judge of Westchester County on the ground that he was a fugitive from justice from the State of Rhode Island; and on the same day he was committed by Mr. Justice McCullough to the custody of the Sheriff for a period not to exceed 30 days (Code Crim. Pro., §§ 842, 844). Thereafter he tested the validity of the proceedings by habeas corpus ; his application was denied by me (People ex rel. Arnold v. Allen, Aug. 22,1961). By order dated August 31,19611 granted an application of the District Attorney recommitting the relator to the custody of the Sheriff for a further period until September 15, 1961 (Code Crim. Pro., § 846; see memorandum People ex rel. Arnold v. Allen, Aug. 31, 1961),
On September 15, 1961 the relator was arrested under the Governor’s warrant dated September 14, 1961, which is based on a requisition dated September 11, 1961. He was arraigned before Mr. Justice McCullough, and moved at that time for his discharge because the papers upon which the Governor based his warrant were not physically present. Mr. Justice McCullough denied the application and directed that the District Attorney serve counsel for the relator with copies of the papers upon which the Governor’s warrant was issued. This direction was followed by the District Attorney, and thereupon this proceeding was commenced.
The relator relies on several grounds for his discharge. First, he urges that he has been deprived of his constitutional and statutory rights to a speedy trial. This point was considered on his original habeas corpus application. It was there *826 decided that relator’s rights could not be reviewed in a habeas corpus proceeding’ challenging the validity of the extradition process, on the authority of People ex rel. Higley v. Millspaw (281 N. Y. 441, 445) and People ex rel. Coine v. Reilly (228 App. Div. 427); and that his rights must be enforced in the State of Rhode Island. After a reconsideration of relator’s position, I still adhere to that determination. In addition to the authorities cited, more recent cases hold that the constitutional and statutory rights of a person extradited must be adjudicated in the demanding State (see People ex rel. Reid v. Ruthazer, 4 A D 2d 164, affd. 5 N Y 2d 889; People ex rel. Gadson v. Hoy, 285 App. Div. 974, motion for leave to appeal denied 308 N. Y. 1053, cert, denied 350 U. S. 829; People ex rel. Johnson v. Ruthazer, 198 Misc. 1044, affd. 278 App. Div. 905).
Secondly, the relator contends that his confinement awaiting formal extradition papers was extended by false and fraudulent representations to the court. He maintains that the second order of the court recommitting the relator until September 19, 1961 was induced by representations that the extradition papers were being prepared, whereas the statements were untrue. The court is in no position to conclude that the statements made to it were false; the presumption would be to the contrary. In any event, assuming by way of argument that the representations were untrue, that conclusion does not aid the relator. He is not presently detained by the order of the court pursuant to section 846 of the Code of Criminal Procedure, but by the warrant of the Governor. Once the Governor’s warrant is issued, the court is without power to consider any grounds for contesting the extradition based on events happening before the issuance of the warrant (cf. People ex rel. Higley v. Millspaw, 281 N. Y. 441, supra).
Thirdly, the relator argues that at the time of his arraignment before Mr. Justice McCullough, the papers supporting the Governor’s warrant were deficient, in that the requisition from the Governor of the State of Rhode Island was not present in court. Section 835 of the Code of Criminal Procedure requires no more than that the warrant “ substantially recite the facts necessary to the validity of its issuance.” The warrant in this case meets those requirements. Upon arraignment of the relator upon the warrant, it was well within the power of the court to deny his application for discharge, and adjourn the proceedings so that he might apply for a writ of habeas corpus (Code Crim. Pro., § 838). Upon the application for habeas corpus the sufficiency of the papers forming the requisition and supporting the warrant might then be examined (cf. *827 People ex rel. Swanson v. Fitzsimmons, 2 A D 2d 235; People ex rel. Brunner v. Dominy, 22 Misc 2d 863). This question the relator raises under a succeeding point.
Fourthly, the relator claims that he is not a fugitive from justice. Ño proof was offered by the relator to substantiate his claim. He relies instead on his argument that due to the failure of the Rhode Island authorities to afford him a speedy trial, he has been prejudiced in that he can no longer establish his presence at the time of the alleged commission of the crime due to the passage of years. In addition, he argues that he cannot be considered a fugitive, since he was confined to prison during a large part of that time, and Rhode Island knew of his imprisonment. Nonetheless, whether his status for a period was as a prisoner or not, it is still true that the relator was absent from the State of Rhode Island following the commission of the crime, and hence a fugitive from justice as that term is understood (People ex rel. Higley v. Millspaw, 281 N. Y. 441, 446-447, supra; People ex rel. Samet v. Kennedy, 285 App. Div. 1116). The burden of proof rests on the relator to establish that he was not a fugitive (People ex rel. Levin v. Warden of Women’s Prison, 188 Misc. 307, affd. 271 App. Div. 951). That burden is not discharged by the relator’s arguments in the absence of proof.
Lastly, the relator contends that the Governor’s warrant is insufficient in law. He submits that the papers filed with the Governor are not authenticated as required by statute (Code Crim. Pro., § 830). The statute states that the papers “ must be authenticated by the executive authority making the demand.” The requisition of the Governor of Rhode Island states that he certifies that the papers annexed are authentic. Even though the requisition refers to a complaint rather than an indictment, the authentication is sufficient for the purposes intended by the statute (People ex rel. Leven v. Allen, 6 A D 2d 1056; People ex rel. Marshall v. Moore, 167 App. Div. 479, affd. 217 N. Y. 632; People ex rel. Levin v. Warden of Women’s Prison, 188 Misc. 307, affd. 271 App. Div. 951, supra). Once the procedural requirements were satisfied, it was then a matter of discretion of the Governor to determine whether any further investigation was necessary prior to the issuance of the warrant (Code Crim. Pro., § 831). In this case the warrant was issued, and it appears to be based on proper papers.
Accordingly, the petition is denied, the proceeding dismissed, and the relator remanded to the custody of the authorities of Rhode Island.