John J. Walsh, J.
The State of Michigan seeks to extradite the petitioner for the alleged crime of indecent liberties with a minor child, which appears to be a felony under the laws of the State of Michigan (Mich. Penal Code, § 28.568.)
He is presently confined in the Oneida County Law Enforcement Building by the Sheriff of this county under a warrant issued by the Acting Governor of the State of New York. He has been duly arraigned as a fugitive from justice and has petitioned for a writ of habeas corpus.
The petitioner challenges the sufficiency of the papers upon which the demand of Michigan is based and the sufficiency of the papers upon which the Acting Governor of New York issued the warrant of arrest.
By agreement of counsel, the issues of law relating to the sufficiency of the papers are submitted to this court before the taking of any testimony on issues of fact relating to his alleged presence in Michigan, whether he is the person sought, and whether he is a fugitive from justice.
Whatever doubt as to the scope of habeas corpus in an extradition proceeding may have existed, People ex rel. Higley v. Millspaw (281 N. Y. 441, 445) makes clear that, whether the papers upon which the warrant was issued by New York are sufficient, whether the complaint or affidavit charges a crime, and whether a crime was actually committed in and under the laws of the demanding State, are proper subjects for scrutiny by the courts of this State.
The Michigan Papers
(a) The petitioner contends that the papers upon which Michigan proceeded to demand extradition are not in proper form 'since they are based not on an indictment by a Grand Jury nor an affidavit before a Magistrate but upon a criminal complaint and a criminal warrant.
The Federal statute regulating extradition procedure (U. S. Code, tit. 18, § 3182) provides that a demand for interstate *687 extradition must be accompanied by a duly certified copy of an indictment found or an affidavit before a Magistrate charging the accused with having committed some crime. “ It does not purport, expressly or impliedly, to prohibit a State from extraditing on less exacting terms.” (People ex rel. Matochik v. Baker, 306 N. Y. 32, 37.)
Thus, in New York State, an “information supported by affidavit ” is recognized as a proper basis for a demand. (Code Crim. Pro., § 830; People ex rel. MacSherry v. Enright, 112 Misc. 568, affd. 196 App. Div. 964; People ex rel. Hollander v. Britt, 195 Misc. 722, affd. 276 App. Div. 815 [4th Dept.].) The same rule is followed in the State of Michigan. (People v. Stockwell, 135 Mich. 341.)
“ It appears that the writ of requisition in the present case was not based upon an indictment * * * in the state of Michigan, but upon a complaint made under oath before a magistrate having jurisdiction in such cases. Such a complaint made under oath is sufficient to justify the issuance of a requisition. In re Strauss, 197 U. S. 324, 25 S. Ct. 535, 49 L. Ed. 774.” [Riley v. Colpoys, 85 F. 2d 282, 283 [C.A., D.C.].)
While an indictment in the demanding State will be accepted on its face as sufficient by the courts of this State (Hogan v. O’Neill, 255 U. S. 52), where the extradition is sought on the basis of an affidavit or complaint which in turn is made upon information and belief, there is understandably a requirement for closer scrutiny. Due process demands that a person not be arrested on the mere belief of a person that a crime has been committed by him. New York has held that where extradition is demanded based upon an affidavit or complaint on information and belief without specification of the sources of the information or the grounds of belief, it is defective and extradition should not follow. (People ex rel. de Martini v. McLaughlin, 243 N. Y. 417, 419.)
(b) The second contention of the petitioner is that the demand is based upon a criminal complaint which on its face states that it is upon information and belief. He cites People v. Heffron (53 Mich. 527, 530 [1884]), wherein the Michigan court held that, ‘ ‘ the complaint must set up the facts constituting the offense on the Icnoivledge of the person making the complaint, and if he does not know them, other witnesses must be examined who do know them; and no person can be arrested on the mere belief of the person making the complaint. ’ ’
This court has before it a certified copy of the complete file in “ The Matter of the Extradition of Ronald Douglas Eiseman, *688 a Fugitive from the County of Saginaw, Michigan” from the . Secretary of State of Michigan.
The ‘1 criminal complaint ’ ’ is by Sergeant Edward Chmielewski, Saginaw Police Department, “ on information & belief” made before Hon. William G-lover Gage, a Municipal Judge of the City of Saginaw on January 10, 1967.
The “ criminal warrant” signed by the Municipal Judge of Saginaw recites that it is issued after the making of the complaint and “ on examination, on oath, of the said Sergeant Edward Chmielewski, Saginaw Police Dept, by me, the said Municipal Judge ” and after a finding “ that said offense has been committed, and there is just cause to. suspect the said Ronald Douglas Eiseman to have been guilty thereof ”.
There is attached to the papers, a stenographic transcript of a statement made by the complaining witness, a minor child, to the police department on January 9, 1967 which sets forth facts which if true constitute a violation of the laws of Michigan, together with a statement of a corroborating witness. Whether these papers were before the Municipal Judge or whether such Judge examined such witnesses is not known but it must be presumed that there was a regularity of procedure in the Michigan courts.
The sources of the information and the grounds of belief are sufficiently clear to satisfy this court that the criminal complaint in this case is based upon more than mere suspicion and is in accordance with due process.
(c) Since the petitioner challenges the sufficiency of the Michigan papers upon the basis of a typographical error which will hereafter appear, this court has examined the complete file from Michigan.
The extradition procedure in Michigan is outlined in section 28.1285(22) of the Michigan Code of Criminal Procedure:
“ 1. When the return to this state of a person charged with crime in this state is required, the prosecuting attorney shall present to the governor his written application for a requisition for the return of the person charged, in which application shall be stated the name of the person so charged, the crime charged against him, the approximate time, place and circumstances of its commission, the state in which he is believed t.o be, including the location of the accused therein, at the time the application is made and certifying that, in the opinion of the said prosecuting attorney the ends of justice require the arrest and return of the accused to this state for trial and that the proceeding is not instituted to enforce a private claim.
*689 ‘ 3. The application shall be verified by affidavit, shall be executed in duplicate and shall be accompanied by two certified copies of the indictment returned, or information and affidavit filed, or of the complaint made to the judge or magistrate, stating the offense with which the accused is charged, or the judgment of conviction or of the sentence. The prosecuting officer, parole board, warden or sheriff may also attach such further affidavits and other documents in duplicate as he or they shall deem proper to be submitted with such application. One [1] copy of the application, with the action of the governor indicated by endorsement thereon, and one [1] of the certified copies of the indictment, complaint, information, and affidavits, or of the judgment of conviction or of the sentence shall be filed in the office of the secretary of state to remain of record in that office. The other copies of all papers shall be forwarded with the governor’s requisition.”
An examination of the papers filed in Michigan shows that all of the procedural steps required have been followed.
Michigan procedure allows for what is termed a “ one man grand jury ’ ’. Under such procedure, any judge of a court of law and of record may conduct an inquiry ‘ ‘ whenever by reason of the filing of any complaint, Avhich may be upon information and belief ” he shall have probable cause to suspect that any crime, offense or misdemeanor has been committed within his jurisdiction. (Mich. Code of Crim. Pro., § 28.943. See, also, People v. Birch, 329 Mich. 38; Matter of White, 340 Mich. 140.)
‘1 If upon such inquiry the judge shall be satisfied that any offense has been committed and that there is probable cause to suspect any person or persons to be guilty thereof, he may cause the apprehension of such person or persons by proper process ” (Mich. Code of Crim. Pro., § 28.944).
While Michigan law requires a preliminary examination before an information shall be filed against a person, section 28.982 specifically provides: “ Information may be filed Avithout such examination against fugitives from justice, and any fugitiA^e from justice against Avhom an information shall be filed, may be demanded by the governor of this state of the executive authority or any other state or territory, or of any foreign government, in the same manner and the same proceedings may be had thereon as provided by law in like cases of demand upon indictment filed.”
The Michigan papers are in proper order, except for one minor error Avhich petitioner has noted. Defendant’s Exhibit A *690 (the Michigan papers) contains the application for requisition made by the prosecuting attorney of Saginaw County in which the printed form containing the following statement “ The undersigned alleges that said accused (was) (was not) present in the State of Michigan at the time above charged ” had the word “ was ” xxx’d out leaving the words “ was not ”. That this was a typographical error appears obvious. This matter will be further discussed under the New York procedure.
The New York Papers
While the action of the Governor of this State in issuing a warrant for extradition may not be reviewed on habeas corpus (People ex rel. Corkran v. Hyatt, 172 N. Y. 176, affd. 188 U. S. 691), this court can examine into and pass on the sufficiency of the papers on which the Governor of New York acted in issuing such warrant (People ex rel. Pahl v. Hagerty, 261 App. Div. 1049).
This court requested and received the papers on file in the office of the Governor of this State for examination.
The Uniform 'Criminal Extradition Act (Code Crim. Pro., § 827 et seq.) outlines the procedure to be followed.
The form of the demand (§ 830), the investigation by the Governor (§ 831) and the issuance of the warrant of arrest (§ 835) are all in proper form at the present time.
It appears that when the papers were transmitted to New York, the typographical error heretofore mentioned in the Michigan papers was contained therein and it is claimed by the petitioner that the warrant was thus improperly issued.
Assuming this to be the fact, the papers now on file indicate that this error has been now corrected and the papers are in proper order. Should this court now declare that the warrant is defective?
While substantial rights of citizens must be protected, constitutional and statutory provisions relating to interstate extradition must be liberally construed to effectuate their purpose. A typographical error, since corrected, should not void the procedure and afford permanent asylum to offenders against the laws of a sister State. (People ex rel. Robert v. Warden of New York City Prison, 114 N. Y. S. 2d 13.)
This court rules that the papers are in proper form and that petitioner is being held by virtue of a warrant of the Acting Governor of this State.
The parties may proceed to the remaining issues upon agreement as to time of hearing.