## STATE EX REL. AMES LEE CHAMBERLAIN v. ADAM MARTINCO, SHERIFF OF PINE COUNTY.

179 N. W. (2d) 286.

August 14, 1970—No. 42518.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Rosalie E. Wahl,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *James M. Kelley,* Assistant Attorney General, *Darrell C. Hill,* Special Assistant Attorney General, and *Howard Ledin,* County Attorney, for respondent, sheriff of Pine County.

Heard before Knutson, C. J., and Murphy, Otis, Sheran, and Peterson, JJ.

MURPHY, JUSTICE.

This is an appeal from an order of the district court discharging a writ of habeas corpus. Petitioner, who is being held pending extradition under process issued by the State of Kansas, contends that the trial court erred in denying his alleged right to

litigate his constitutional right to a speedy trial in habeas corpus proceedings in this state.

It appears from the record that while petitioner, Ames Lee Chamberlain, was incarcerated in Sandstone Federal Prison on a conviction for a Federal violation, a warrant of arrest was issued against him for the offense of first-degree robbery in Shawnee County, Kansas. In October 1967, a detainer was filed by the State of Kansas for that offense. Upon his release from the Sandstone prison on February 6, 1970, petitioner was taken into custody by the sheriff of Pine County for extradition pursuant to the detainer. Petitioner thereupon applied for habeas corpus, which is the origin of this appeal.

The basis for the relief demanded is predicated upon a letter addressed to the district attorney of Shawnee County, Kansas, dated May 2, 1969, in which petitioner asked that prosecutive action be instituted on the charge pending against him in that state. Petitioner informed the prosecuting attorney that "I am seeking information, and hoping for a disposition, of this particular case. I am sure you understand my situation and my concern. I feel that, with my cooperation in this matter, we will be able to expedite the case. Any information pertaining to possible disposition of this detainer, will be greatly appreciated." This letter was unanswered. It appears that letters were also written in petitioner's behalf to the Kansas authorities by the public defender asking that the same action be taken, but because of lack of foundation these letters were rejected by the trial court. Petitioner contends that the delay of approximately 9 months between the date of the letter and the commencement of the extradition process is a denial of his constitutional right to a speedy trial. Following State ex rel. LaRose v. Granquist, 273 Minn. 231, 140 N. W. (2d) 700, the trial court denied the writ and refused to pass upon questions relating to constitutional rights allegedly denied in Kansas and left to the courts of that state the determination of the merits of such objections.

Petitioner contends that, by reason of Minn. St. 629.294, subd. 1,

art. III(a), of the Interstate Agreement on Detainers, and Minn. St. 629.292, subd. 3, of the Uniform Mandatory Disposition of Detainers Act, as well as Burgett v. Texas, 389 U. S. 109, 88 S. Ct. 258, 19 L. ed. (2d) 319, and Smith v. Hooey, 393 U. S. 374, 89 S. Ct. 575, 21 L. ed. (2d) 607, our decision in LaRose is no longer controlling. Minn. St. 629.294, subd. 1, art. III(a), provides in part:

"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment * * *."

This statutory provision, which expresses an interstate agreement applying to Minnesota and "all other jurisdictions legally joining therein," effectively guarantees the right of a speedy trial for a convict whose imprisonment in one state (sending state) is encumbered by a detainer pending on a charge in another state (receiving state). The statutory scheme provides that the receiving state is required to bring the convict to trial within 180 days after receiving a request from him. The statute requires the sending state to permit release of the prisoner to the receiving state upon proper request and binds the receiving state to bring the prisoner to trial within 180 days of the delivery of the request or to dismiss the charge with prejudice. People v. Messer, 276 Cal. App. (2d) 300, 80 Cal. Rptr. 811; State v. Lippolis, 107 N. J. Super. 137, 257 A. (2d) 705; State v. West, 79 N. J. Super. 379, 191 A. (2d) 758; Note, 77 Yale L. J. 767, 775.

We fail to find in the provisions of the Uniform Mandatory

Disposition of Detainers Act (Minn. St. 629.292) or the Interstate Agreement on Detainers (Minn. St. 629.294) language which would persuade us to change or modify our decision in LaRose. In that case we said that where a fugitive is held in Minnesota for removal to a state in which a criminal charge is pending against him, this court will not pass upon questions relating to constitutional rights allegedly denied in the demanding state and will leave to the courts of such state the determination of the merits of such objections. Nor do we find any language in these statutory provisions which would remotely suggest that this state would have authority to dismiss an indictment returned in a foreign jurisdiction. Giving petitioner the full benefit of the statutory provisions noted, we conclude that the views expressed by this court in LaRose are still controlling and that the issues presented by petitioner are for the courts of Kansas to decide.[1]

We are of the view, moreover, that the United States Supreme Court authorities relied upon by petitioner are not controlling. In Smith v. Hooey, *supra,* a prisoner who had been confined in the Federal Penitentiary at Leavenworth, Kansas, brought mandamus proceedings in the Supreme Court of Texas, asking for an order to show cause why a charge that had been pending against him for 6 years should not be dismissed. Unlike the case with which we are here concerned, the proceedings in Smith were properly instituted in the jurisdiction where the charge was pending. Nor do we think that Burgett v. Texas, *supra,* is of help to petitioner. That decision held that it was fatally prejudicial to admit in evidence against the defendant in a criminal action an invalid prior conviction obtained in a foreign jurisdiction. Moreover, Burgett involved a review of a substantive conviction while the matter before us involves a question of

---

[1] It is not clear that the Interstate Agreement on Detainers is applicable on the facts in this case. Petitioner's demand was mailed on May 2, 1969. Kansas adopted the agreement on July 1, 1969. While the point is not labored in the briefs, it must be assumed that the statute is not retroactive in application.

extradition wherein the guilt or innocence of the accused is not an issue.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.