UNITED STATES of America ex rel. Jeff FORT, Petitioner,

v.

John C. MEISZNER, United States Marshal for the Northern District of Illinois, Edward V. Hanrahan, State's Attorney of Cook County, Illinois, and the Honorable Joseph A. Power, Presiding Judge, Criminal Division, Circuit Court of Cook County, Respondents.

No. 70 C 2874.

United States District Court, N. D. Illinois, E. D.

Nov. 19, 1970.

James D. Montgomery, Chicago, Ill., for petitioner.

Robert A. Novelle, Asst. State's Atty., Chicago, Ill., for Eward V. Hanrahan.

Sam Skinner, Asst. U. S. Atty., Chicago, Ill., for Marshal John C. Meiszner.

## MEMORANDUM AND ORDER

ROBSON, Chief Judge.

The petitioner, Jeff Fort, seeks a writ of injunction to bar the execution of a writ of habeas corpus ad prosequendum issued by the Circuit Court of Cook County, Illinois. The state writ in question directs that the petitioner be delivered from the custody of the United States Marshal into the custody of the State of Illinois for prosecution of certain offenses allegedly committed by the petitioner. For the reasons stated, this court is of the opinion the injunction should issue.

The petitioner is presently housed in the Federal Tier of the Cook County Jail, where he is in the custody of the United States Marshal for the Northern District of Illinois pursuant to a writ of habeas corpus ad testificandum issued by this court on November 6, 1970. The federal writ directed the Warden of the Manhattan House of Detention, which is located in New York City, New York, and the United States Marshal for both the Southern District of New York and the Northern District of Illinois, to deliver the petitioner to the September 1970 Grand Jury of the United States District Court for the Northern District of Illinois on November 9, 1970, where he was called to testify as a witness. The federal writ further directed that the petitioner be returned to the Manhattan House of Detention at the termination of his appearance before the September 1970 Grand Jury. At the time this court's writ was issued, the petitioner was in the custody of the Warden of the Manhattan House of Detention, in lieu of $50,000 bail, pursuant to a fugitive warrant issued by the State of Illinois. The petitioner has chosen to contest the right of the State of New York to extradite him to the State of Illinois. A hearing on the extradition issue is set for November 25, 1970, in the Supreme Court of New York.

However, on November 10, 1970, the respondent Edward V. Hanrahan, State's Attorney for Cook County, Illinois, sought and obtained the state writ in issue from the respondent, The Honorable Joseph A. Power, Presiding Judge of the Criminal Division of the Circuit Court of Cook County, Illinois. The state writ expressly contravenes the federal writ by directing the respondent John C. Meiszner, United States Marshal for the Northern District of Illinois, to deliver the petitioner directly to the respondent Power for trial upon certain numbered indictments after completion of his appearance before the September 1970 Grand Jury.

The petitioner filed this action for a writ of injunction with this court on November 12, 1970. On that day, counsel for the petitioner appeared before this court with the petitioner. An Assistant State's Attorney of Cook County, Illinois, appeared on behalf of the respondents Hanrahan and Power. An Assistant United States Attorney, appearing on behalf of the respondent Meiszner, stated that the petitioner would not be released from federal custody until this court ruled on the petition for a writ of injunction. The court then set an accelerated briefing schedule so that all parties would have an opportunity to present their arguments and legal authorities before a decision was rendered.

The petitioner challenges the state writ on two principal grounds. First,

he asserts that the state writ improperly and unlawfully directs a federal officer to disobey an order issued by a federal court, thereby undermining the integrity of a federal court order. Secondly, he asserts that the state writ improperly and unlawfully forecloses his rights under formal extradition proceedings presently in progress in New York. The respondent Meiszner has filed a memorandum in support of the petitioner's contention that by precluding his right to an extradition hearing, the state writ denies him due process of law.

### I.

■ This court obtained federal custody over the petitioner for the purpose of his appearance before the September 1970 Grand Jury. He was removed from the actual custody of the State of New York for this limited purpose only, and his removal was conditioned upon his return to New York. The writ issued by this court was a matter of comity between the State of New York and the United States. The State of Illinois was not a party to the federal writ, and it has no rights under the order issued by this court. The respondents Hanrahan and Power therefore lack standing to challenge or interfere with the federal writ in any respect. Nor have these respondents shown any basis in law to support their attempted use of a state writ to contravene and nullify an order issued by a federal court upon a federal marshal.

■■ It is a well-worn doctrine that a state court lacks any jurisdictional authority to issue state process upon a federal officer who is acting pursuant to federal law. In an early decision, the United States Supreme Court held that a federal marshal having a prisoner in his custody under the authority of the United States is duty-bound to obey and execute the process of the United States, and shall not obey process issued by a state authority with respect to such a prisoner. Ableman v. Booth, 21 How. 506, 16 L.Ed. 169 (1858). Chief Justice

Roger B. Taney, on behalf of the Supreme Court, ruled that

"We do not question the authority of [a] State court, or judge, who is authorized by the laws of the State to issue the writ of *habeas corpus,* to issue it in any case where the party is imprisoned within its territorial limits, *provided it does not appear, when the application is made, that the person imprisoned is in custody under the authority of the United States.* * * * [T]he *State judge or court judicially apprized that the party is in custody under the authority of the United States* * * * *can proceed no further.* * * * They then know that the prisoner is within the dominion and jurisdiction of another Government, and that neither the writ of *habeas corpus,* nor any other process issued under State authority, can pass over the line of division between the two sovereignties. * * * *And if the authority of a State, in the form of judicial process or otherwise, should attempt to control the marshal or other authorized officer or agent of the United States, in any respect, in the custody of his prisoner, it would be his duty to resist it, and to call to his aid any force that might be necessary to maintain the authority of law against illegal interference.* No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." 21 How. at 523–524. (Emphasis supplied.)

Similarly, the Supreme Court ruled in 1871 that a state judge has no jurisdiction to issue a writ of habeas corpus, or to continue proceedings under the writ when issued, for the release of a person held under the authority of the United States by an officer of that government. Tarble's Case, 13 Wall. 397, 411–412, 20 L.Ed. 597 (1871). These decisions have not been challenged or even questioned during the century that

has elapsed since they were rendered, but they have been cited as respected authority on issues concerning the supremacy of federal law over conflicting state law in a number of subsequent Supreme Court decisions. *E. g.*, Cooper v. Aaron, 358 U.S. 1, 18, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958); Feldman v. United States, 322 U.S. 487, 491, 64 S.Ct. 1082, 88 L.Ed. 1408 (1944). This court concludes that the Circuit Court of Cook County lacked jurisdiction to issue a writ of habeas corpus ad prosequendum upon a federal marshal having custody of the petitioner under an order issued by a federal court. The state writ is therefore null and void on its face, and the writ of injunction should issue for this reason alone.

## II.

■ The petitioner asserts that he has a constitutional right to contest the extradition warrant issued by the State of Illinois to the State of New York. He bases his claim upon Article 4, Section 2, Clause 2 of the United States Constitution, and upon Title 18, United States Code, Section 3182. However, the United States Supreme Court held long ago that removal of a prisoner from one state to another by means other than formal extradition proceedings is not a denial of the prisoner's constitutional rights, even if the removal is by illegal means such as kidnapping. Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). This time-worn, if unpalatable, doctrine has been followed by the United States Court of Appeals for the Seventh Circuit. United States ex rel. Langer v. Ragen, 237 F.2d 827 (7th Cir. 1956), cert. den. Langer v. People, 350 U.S. 864, 76 S.Ct. 107, 100 L.Ed. 766 (1955); Sweet v. Howard, 155 F.2d 715 (7th Cir. 1946), cert. den. 336 U.S. 950, 69 S.Ct. 877, 93 L.Ed. 1105, (1949). Therefore, this court cannot agree that any constitutional right of the petitioner was violated by the challenged state writ.

■ Equally clear, however, is the fact that the petitioner does have a statutory right to contest his extradition under the laws of New York. Title 4, Section 838 Code Cr. Proc. of the Laws of New York provides the following procedural safeguards. A person arrested in New York under a fugitive warrant shall not be delivered over to the State demanding him unless he is first taken before a justice or judge of a New York court of record. The court must then inform him of the demand made for his surrender and of the crime with which he is charged. The court must also inform him of his right to demand and procure legal counsel. If the alleged fugitive desires to test the legality of his arrest, the New York courts must fix a reasonable time within which he may apply for a writ of habeas corpus. When application for such a writ is made, notice of the time and place of the hearing must be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the agent of the state demanding extradition. On a petition for a writ of habeas corpus to vacate an extradition warrant, the courts of New York may inquire into questions of whether an extraditable crime has been sufficiently charged in the extradition warrant and whether the petitioner is the person named in the warrant. *E. g.*, People ex rel. Tumminia v. Police Commissioner of New York City Police Department, 14 Misc.2d 755, 178 N.Y.S. 2d 532 (1958); People ex rel. Eiseman v. Sheriff of Oneida County, 55 Misc.2d 685, 285 N.Y.S.2d 950 (1967), aff'd 30 A.D.2d 644, 291 N.Y.S.2d 780 (1968). The courts of New York may also inquire whether the petitioner was in the state demanding extradition at the time of the commission of the crime alleged, although the burden of proof on that question is upon the petitioner. *E. g.*, People ex rel. Grant v. Doherty, 42 Misc.2d 239, 247 N.Y.S.2d 759 (1964); People ex rel. Arnold v. Hoy, 32 Misc.2d 824, 223 N.Y.S.2d 759 (1961). An indication of New York's public policy in fa-

vor of protecting persons over whom it has jurisdiction is the fact that the laws of New York severely punish an officer who delivers an alleged fugitive to an agent of a State demanding extradition without observing the procedural safeguards described above. A New York officer who lends himself to such interstate kidnapping is guilty of a felony, and upon conviction, is subject to a mandatory sentence of one year in a state prison or penitentiary. Laws of New York, Annotated, Title 4, Section 839.

The petitioner has chosen to oppose the extradition warrant issued by the State of Illinois, which he has a right to do under New York law. Those proceedings are in progress, and a hearing is set upon that issue within a matter of days. The state writ in issue here would foreclose all rights and remedies the petitioner has under the laws of New York. While it is true that the exhaustion of procedural safeguards often causes delay and inconvenience, such as that complained of by the respondents Hanrahan and Power, nevertheless it is essential to the preservation of fairness and justice for all citizens that no individual's rights are short-circuited in the name of expediency. This court therefore does not approve and will not become a party to an attempted evasion of the orderly extradition procedures now pending in the courts of New York.

It is therefore ordered that the writ of habeas corpus ad prosequendum issued by the Circuit Court of Cook County upon the respondent John C. Meiszner be, and it is hereby declared null and void.

It is further ordered that an injunction issue, without bond, directing that the respondents John C. Meiszner, Edward V. Hanrahan, and The Honorable Joseph A. Power, and their agents and employees be, and they are hereby enjoined from execution of said writ of habeas corpus ad prosequendum.

The respondent John C. Meiszner is directed to return the petitioner forthwith to the custody of the Warden of the Manhattan House of Detention, in accordance with the writ of habeas corpus ad testificandum issued by this court on November 6, 1970.