## RALPH GAYLES v. KERMIT HEDMAN, SHERIFF OF RAMSEY COUNTY.

244 N. W. 2d 154.

July 2, 1976—No. 46547.

*William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for appellant.

*William E. Falvey*, Public Defender, and *John M. Sands*, Special Assistant Public Defender, for respondent.

PER CURIAM.

This is an appeal from an order of the district court, following proceedings on a writ of habeas corpus, discharging from custody petitioner, who was being held on a rendition warrant. Reversing, we hold that the district court erred in considering whether or not the receiving or demanding state, Illinois, had failed to comply with the provisions of the Interstate Agreement on Detainers, Minn. St. 629.294.

On February 7, 1975, petitioner was sentenced to a year in the Ramsey County workhouse for committing the offense of felonious theft. At the time petitioner began serving his term in the workhouse, a detainer, based on a pending charge of felonious theft in Cook County, Illinois, was filed against him. At the expiration of his term in the workhouse, petitioner was transferred to the Ramsey County jail for execution of the governor's rendition warrant.

In seeking habeas corpus petitioner claimed that on May 22, 1975, he had invoked the provisions of the Interstate Agreement on Detainers when he mailed a letter to the county attorney in Cook County demanding trial. Since Illinois failed to try him on the outstanding charge within 180 days after the mailing of the letter, petitioner contended that the provisions of the agreement rendered the charge null and void and that therefore the district court had no choice but to terminate the extradition proceedings. The district court agreed with petitioner.

Both Minnesota and Illinois have enacted the agreement. Minn. St. 629.294; Ill. Ann. Stat. c. 38, § 1003-8-9 (Smith-Hurd 1973). The basic provisions of the agreement are well summarized in Amsterdam, Segal and Miller, Trial Manual 3 for the Defense of Criminal Cases, § 310:

"* * * This interstate compact * * * provides essentially (1) that a prisoner in any contracting State (State $A$) against whom there are pending charges in another contracting State (State $B$) which have been lodged against him as detainers, may request trial by written notice to the prosecutor and court where the charges are pending; (2) that the notice serves as a waiver of extradition and a request for trial on all charges that have been lodged as detainers against the prisoner in State $B$; (3) that the prisoner's custodians shall thereupon notify all other prosecutors and courts in State $B$ where there are pending charges lodged as detainers against the prisoner, and shall deliver the prisoner to State $B$; (4) that the prisoner must be tried within 180 days of his request for trial, and within 120 days of his receipt in State $B$, or the charges upon which he demanded trial shall be dismissed with prejudice; and (5) that the prisoner may be tried on other pending charges in State $B$ which were lodged as detainers against him, but if he is not tried on those charges before he is returned to State $A$, the charges must be dismissed with prejudice. The Interstate Agreement is a complicated document and must be consulted for details."

In the instant case the decisive issue is whether it is proper for Minnesota as a responding state to terminate an extradition proceeding because the demanding state, here Illinois, failed to comply with the agreement. We hold that it is not.

Article V (c) of the agreement states that if trial is not commenced pursuant to Article III within 180 days (not including a necessary or reasonable continuance) after receipt of a prisoner's demand for trial, then "the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect." We interpret this to mean that a responding state may not base a termination of an extradition proceeding upon the demanding state's failure, after a proper demand by the prisoner, to act in a timely fashion. To hold otherwise would mean that an indictment in a receiving state is automatically rendered null and void by the receiving state's failure to comply with the agreement. However, this would be inconsistent since the agreement specifically provides that there must be a judicial proceeding resulting in dismissal of the pending indictment. See, State v. West, 79 N. J. Super. 379, 191 A. 2d 758 (1963).

Our present holding is consistent with State ex rel. Chamberlain v. Martinco, 288 Minn. 231, 179 N. W. 2d 286 (1970), where we held that the Interstate Agreement on Detainers did not contain any provision which would allow the Minnesota courts in an extradition proceeding to decide questions relating to constitutional rights allegedly denied in the demanding state.

Since we must assume the continued existence of the Illinois charge, and since petitioner did not attack extradition on any other ground, we must reverse the order discharging the petitioner. In doing so, we express no opinion on whether petitioner's notice complied with the requirements of the agreement or, if so, whether the sanction provisions of the agreement apply.

Reversed.