STATE of Minnesota ex rel. Bruce Lynn
BURSAW, etc., Appellant,

v.

Donald OMODT, Hennepin County
Sheriff, Respondent.

No. C5-83-445.

Supreme Court of Minnesota.

Sept. 30, 1983.

James H. Willis, Asst. Public Defender,
Minneapolis, for appellant.

Thomas L. Johnson, Minneapolis, for respondent.

KELLEY, Justice.

This is an extradition proceeding. In response to a petition by the Governor of the State of California, the Governor of this state issued a rendition warrant for the surrender of petitioner to California authorities for trial on felony charges alleging that he committed crimes of theft in California in 1981. This appeal is from the order of the district court denying habeas corpus. The issue posed by the appeal is whether it is proper for Minnesota as a responding state to terminate an extradition proceeding because the demanding state failed to comply with Minn.Stat. § 629.294 (1982), the Interstate Agreement on Detainers.[1] In two prior decisions we have held it is improper for Minnesota to terminate an extradition proceeding on such a ground. *Gayles v. Hedman,* 309 Minn. 289, 244 N.W.2d 154 (1976); *State ex rel. Chamberlain v. Martinco,* 288 Minn. 231, 179 N.W.2d 286 (1970). *See also Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); Annot., 98 A.L.R.3d 160, 201–02 (1980). Consistent with these prior decisions, we hold that if petitioner has a valid claim for dismissal of the California charges because of any failure on the part of California authorities to abide by the compact, it should be raised in the California courts.

Affirmed.

---

1. While this appeal was pending petitioner filed a petition for release pending appeal. The district court was of the view that following the issuance of the rendition warrant a trial court in a responding or asylum state has no authority to release the petitioner on bail. *See State ex rel. Hildebrand v. Moeller,* 182 Minn. 369, 234 N.W. 649 (1931). The district court stated that if it had such authority, it would have released petitioner. We postponed consideration of the petition for release until the issue was properly briefed by both sides. Following the filing of the petitioner's brief, the district court apparently changed its mind and ordered defendant released pending appeal. Accordingly, the issue is moot. For a discussion of the issues of bail after the issuance of a rendition warrant and bail pending appeal from the denial of habeas corpus in an extradition proceeding, *see* L. Abramson, *Extradition in America: Of Uniform Acts and Governmental Discretion,* 33 Baylor L.Rev. 793, 806–808, 835–836 (1981).