OPINION OF THE COURT
John Copertino, J.
In December 1979 petitioner Wayne Kinkade was convicted in New York of two counts of burglary in the first degree and one count of assault in the second degree. He was then sentenced to a maximum of 10 years and a minimum of 5 years, and incarcerated at the Ossining Correctional Facility. While incarcerated, a detainer was lodged against the petitioner by the District Attorney of Baldwin County, Alabama. Petitioner had been charged in Alabama with having committed the crimes of burglary and attempted burglary. Petitioner invoked the provisions of the Interstate Agreement on Detainers and filed a request for disposition. Alabama, however, failed to bring the petitioner to trial within the 180 days as required by CPL 580.20, article III (a). On October 11,1984, Mr. Justice Robert C. Williams, J.S.C., at a Special Term of the Supreme Court of the State of New York, County of Sullivan, deemed the detainer void and ordered the immediate release of the petitioner. Nowhere does it appear that this petitioner moved in Alabama to dismiss the charges.
Petitioner was then arrested in Suffolk County pursuant to CPL article 570, as a “fugitive from justice of the State of Alabama” for the very same charges giving rise to the original *516 detainer. Petitioner made an application for this writ of habeas corpus contending that his imprisonment and restraint are illegal and the warrant issued by the Governor of the State of New York is null and void. Specifically, petitioner claims that because the detainer was declared void, “the matter is res judicata.” Petitioner also raises the issue of identity and asserts that he is not the same person as the person charged in the State of Alabama with the crime for which extradition is sought.
The paramount issue before this court is whether a dismissal of a detainer for failure to bring a petitioner to trial within the 180-day period provided by CPL 580.20, article III (a), precludes extradition pursuant to CPL article 570.
The two New York cases cited by both the People and the petitioner in their respective memorandum of law, People ex rel. Arnold v Hoy (32 Misc 2d 824) and Matter of Baker v Schubin (72 Misc 2d 413), are not squarely on point since neither case has the same procedural and factual background as the case at hand. In Arnold (32 Misc 2d 824, supra) the defendant applied for the dismissal of extradition proceedings instituted by the State of Rhode Island on speedy trial grounds. The court held that the constitutional and statutory rights to a speedy trial cannot be reviewed in a habeas corpus proceeding challenging the validity of the extradition process. The facts in Arnold are distinguishable from the instant case. Arnold dealt solely with the defendant’s right to a speedy trial being reviewed in an extradition proceeding. In the present case, a prior detainer was dismissed because Alabama failed to bring the petitioner to trial within the time required by the Agreement on Detainers, and a subsequent extradition warrant was issued. Therefore, Arnold gives little support to the People’s position.
The other case cited, Matter of Baker v Schubin (72 Misc 2d 413, supra), also has a limited application to this case. In Matter of Baker v Schubin, the defendant brought a CPLR article 78 proceeding requesting the dismissal of two out-of-State detainers, one lodged by Massachusetts and the other by Rhode Island. The court denied the motion to dismiss the Massachusetts detainer because defendant failed to comply with all the statutory provisions. The court, however, did dismiss the detainer lodged by Rhode Island, who was not a signatory to the Agreement on Detainers. The language in Matter of Baker v Schubin, to the effect that vacating a detainer does not preclude seeking extradition, is merely dictum. Matter of Baker v Schubin never reached the procedural point of extradition; it dealt solely with detainers.
*517 Consequently, it became necessary for this court to examine sources other than those cited in the memoranda of law in order to decide this application. CPL 580.20, article V (c) provides: “If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.” “[A]rticle V (c) is not self-executing. The charge is not automatically rendered null and void by the failure to bring the inmate to trial within the 180 days. There must be a judicial proceeding resulting in dismissal of the charge. Unless and until such a proceeding occurs, a confining state may assume the continued existence of the charge, for example, in an extradition proceeding.” (Abramson, Criminal Detainers, at 107 [1979].)
Two out-of-State cases dealing with extradition and detainers, Gayles v Hedman (309 Minn 289, 244 NW2d 154 [1976]) and State v West (79 NJ Super 379,191 A2d 758 [1963]), are applicable to the case at bar. In Gayles v Hedman, the defendant was serving time in a Minnesota workhouse when Illinois filed a detainer against him. The defendant invoked the provisions of the Agreement on Detainers. Illinois failed to try the defendant on the charge within 180 days pursuant to the agreement and subsequently sought to extradite the defendant. The defendant then brought a writ of habeas corpus to terminate the extradition. The court in Gayles v Hedman held that it was not proper to terminate an extradition proceeding upon the demanding State’s failure to act in a timely fashion. “To hold otherwise would mean that an indictment in a receiving state is automatically rendered null and void by the receiving state’s failure to comply with the agreement. However, this would be inconsistent since the agreement specifically provides that there must be a judicial proceeding resulting in dismissal of the pending indictment.” (Gayles v Hedman, 309 Minn 289, 291, 244 NW2d 154, 155-156 [1976], supra.)
In State v West (79 NJ Super 379,191 A2d 758 [1963], supra) the defendant was arrested for crimes both in New Jersey and Pennsylvania. The defendant executed a waiver of extradition to New Jersey and was brought to New Jersey and convicted. Pennsylvania first lodged a detainer against the defendant and later a warrant of extradition. The defendant made a motion *518 which in effect called for the dismissal of the Pennsylvania indictments. The court in State v West held that the Agreement on Detainers does not confer jurisdiction upon the courts of New Jersey to dismiss out-of-State indictments. It ruled that the defendant would have had to move in Pennsylvania, the demanding State, for dismissal of the charges. “The interstate agreement clearly contemplates a judicial proceeding or act in the receiving state resulting in dismissal of the pending indictments. Until this occurs the continued subsistence of properly attested indictments must be assumed by the courts of the sending state.” (State v West, 79 NJ Super 379, 387, 191 A2d 758, 763 [1963], supra.)
In the case at hand, although the detainer was deemed void, the underlying charges in the State of Alabama were not affected thereby. CPL 580.20 does not confer jurisdiction upon this court to dismiss the Alabama charges. The petitioner must move in Alabama for such dismissal. This court cannot terminate extradition proceedings when there are charges still pending in Alabama.
Finally, the petitioner raises the issue of identity in this habeas corpus proceeding. CPL 580.20, article III (e) provides, “Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall also be deemed to be a waiver of extradition with respect to any charge or proceeding contemplated thereby or included therein by reason of paragraph (d)”. The petitioner conceded his identity when he waived extradition and invoked the benefits of CPL 580.20. He is now estopped from claiming — for extradition purposes — that he is not the same individual as the person charged in the State of Alabama. (State v West, 79 NJ Super 379, 191 A2d 758 [1963], supra.)
Accordingly, the petition is denied, the proceeding is dismissed and it is ordered that the petitioner Wayne Kinkade be delivered to Thomas H. Benton, Jr., the agent of the demanding State, duly authorized to receive, take into custody and convey the said accused back to the said demanding State.