**STATE of Minnesota, Respondent,**

v.

**Jesse Joe KOEHLER, a/k/a Jose Jesse Koehler, Appellant.**

**No. C1–89–1508.**

Court of Appeals of Minnesota.

Dec. 12, 1989.

Review Denied Feb. 9, 1990.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey County Atty., and Steven C. DeCoster, Asst. Ramsey County Atty., St. Paul, for respondent.

Arthur R. Martinez, St. Paul, for appellant.

Heard, considered and decided by PARKER, P.J., and CRIPPEN and KLAPHAKE, JJ.

## OPINION

CRIPPEN, Judge.

This appeal is from an order denying a petition for writ of habeas corpus challenging extradition of appellant to Texas. We affirm.

## FACTS

On April 10, 1989, appellant Koehler began serving a four month sentence for a Minnesota assault committed in November 1988. Earlier, ten days after his March 6 arrest, Texas authorities asked the Ramsey County Sheriff to "hold" appellant on a Texas drug charge. On March 20, a fugi-tive-from-justice complaint was issued, alleging Koehler was charged with a felony in Texas and that Texas authorities were seeking his extradition.

Koehler showed at the habeas corpus hearing that he was denied recreational and other opportunities because of the Texas hold. The state introduced evidence of the extradition papers forwarded by Texas authorities and the rendition warrant signed by the governor of Minnesota.

## ISSUE

Did the trial court err in denying the petition for writ of habeas corpus?

## ANALYSIS

Appellant contends that during his incarceration in Minnesota, he was held in violation of the Interstate Agreement on Detainers, specifically its speedy trial provisions. *See* Minn.Stat. § 629.294 (1988). We assume for purposes of this analysis of the case that the hold placed on Koehler in pretrial confinement was a detainer within the terms of the IAD.

The speedy trial provisions of the IAD are not self-executing upon the filing of a detainer. Under Article III, a prisoner must be tried within 180 days after he files a request for final disposition. Minn.Stat. § 629.294, subd. 1, art. III(a). Appellant does not claim he has done so. Indeed, a request for final disposition constitutes a waiver of extradition. Minn.Stat. § 629.294, subd. 1, art. III(e).

Article IV of the IAD requires the prisoner to be tried within 120 days if the prosecuting state has applied for temporary custody. Minn.Stat. § 629.294, subd. 1, art. IV(a), (c). There is no evidence that Texas has made such an application, nor has Texas ever obtained temporary custody of Koehler. *Cf. United States ex rel. Esola v. Groomes*, 520 F.2d 830, 837–38 (3rd Cir.1975) (prisoner who had been shuttled between jurisdictions should not have been transferred except by complying with the IAD). Although Koehler claims Article IV is invoked by filing a hold or detainer, the IAD clearly distinguishes between a detainer and a request for temporary custody.

*See* Minn.Stat. § 629.294, subd. 1, art. IV(a) (jurisdiction which "has lodged a detainer" may make a "written request for temporary custody"). Because Texas did not make such a request, Koehler's speedy trial claim had to be "preceded by a demand for trial pursuant to Article III." *Groomes,* 520 F.2d at 837.

We have addressed the merits of Koehler's speedy trial claim although such a claim is not a proper ground for Minnesota to terminate an extradition proceeding. *State ex rel. Bursaw v. Omodt,* 338 N.W.2d 585 (Minn.1983). Koehler contends that *Cuyler v. Adams,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981) requires Minnesota to allow him to litigate that issue here. However, *Cuyler* holds only that the IAD requires a pre-transfer hearing to allow the prisoner to pose the "limited challenge" to the transfer which he would be entitled to present in extradition proceedings. *Id.* at 448–449, 101 S.Ct. at 711–12. Speedy trial claims are not within the scope of such a limited habeas corpus challenge to extradition. *See Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978).

## DECISION

Appellant, whose custody was not transferred and who did not file a request for final disposition, was not denied a speedy trial under the IAD.

Affirmed.