**STATE of Minnesota, Respondent,**

v.

**Denarro Tyrone BURKS, Appellant.**

**No. C0–00–1671.**

Court of Appeals of Minnesota.

July 17, 2001.

Mike Hatch, Minnesota Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, MN, for respondent.

Ann McCaughan, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by WILLIS, Presiding Judge, HALBROOKS, Judge, and HANSON, Judge.

## OPINION

HANSON, Judge

On appeal from a conviction of felon in possession of a pistol, appellant argues that he substantially complied with the Interstate Agreement on Detainers by demanding final disposition of the Minnesota complaint in a 1997 request to Wisconsin authorities, even though Wisconsin authorities neglected to forward his request for final disposition to Minnesota authorities. He contends that the district court erred in denying his motion to dismiss the charge, which was not brought to trial until 2000. We affirm.

## FACTS

On February 12, 1997, appellant Denarro Tyrone Burks was arrested and charged in Hennepin County with being a felon in possession of a pistol under Minn. Stat. § 624.713 (1996). In violation of the terms of his conditional release, Burks left Minnesota and was arrested and imprisoned in Wisconsin on a different charge. Upon learning of Burks' activities, the Hennepin County District Court revoked the conditional release and obtained a detainer on Burks through the Dodge County Correctional Institution in Wisconsin.

On July 30, 1997, Burks sought an expedited final disposition of the Hennepin County charge pursuant to the Interstate Agreement on Detainers ("IAD"), codified at Minn.Stat. § 629.294 (2000). He signed the requisite paperwork and gave it to the Wisconsin correctional authorities. Almost three years later, on April 6, 2000, the Wisconsin correctional authorities notified the Hennepin County Attorney that

they had failed to complete and forward Burks' IAD request.

After his release from imprisonment in Wisconsin, Burks stood trial on stipulated facts in Hennepin County on the felon-in-possession charge. Burks brought a motion to dismiss that charge, arguing that the state had failed to timely dispose of the charge while he was detained in Wisconsin, as required by the IAD. The district court denied the motion, concluding that the 180-day deadline for trial on the charge, as mandated by the IAD, does not commence until the detainee's request was actually received by the Hennepin County Attorney's Office and the Hennepin County District Court. The court then found Burks guilty of being a felon in possession of a pistol and sentenced him to 18 months, with credit for 548 days served in Wisconsin. Burks was therefore never committed to the Minnesota Department of Corrections. This appeal followed.

## ISSUES

1. Did the 180–day deadline for trial on the felon-in-possession charge commence upon appellant's delivery of his request for final disposition to Wisconsin authorities?

2. Did the district court abuse its discretion by not dismissing the charge against appellant in the interest of justice?

## ANALYSIS

Whether a statute has been properly construed is a question of law subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996).

### I.

The purpose of the IAD is to require prompt disposition of outstanding charges in order to ensure the speedy trial of persons incarcerated in other jurisdictions. *Carchman v. Nash*, 473 U.S. 716, 720, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516

(1985); *State v. Fuller*, 560 N.W.2d 97, 98–99 (Minn.App.1997), *review denied* (Minn. Apr. 27, 1997). Because the IAD is a compact among 48 states, the District of Columbia, Puerto Rico, the Virgin Islands and the United States, it is state law and "a law of the United States as well." *Reed v. Farley*, 512 U.S. 339, 347, 114 S.Ct. 2291, 2296, 129 L.Ed.2d 277 (1994). As such, the IAD is subject to construction by the federal court as well as by the various state courts. *Carchman*, 473 U.S. at 719, 105 S.Ct. at 3403.

■ As enacted in Minnesota, the IAD "shall be liberally construed so as to effectuate its purposes." Minn.Stat. § 629.294, Art. IX (2000). The IAD states in relevant part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried * * * complaint on the basis of which a detainer has been lodged against the prisoner, *he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction * * ** his request for a final disposition to be made of the * * * complaint.

Minn.Stat. § 629.294, Art. III(a) (emphasis added).

Minnesota's courts have not ruled on the meaning of "shall have caused to be deliv-ered" for purposes of calculating the 180 day statutory period. *But see State ex rel. Chamberlain v. Martinco*, 288 Minn. 231, 233, 179 N.W.2d 286, 287 (1970) (stating in dictum that the IAD "provides that the receiving state is required to bring the convict to trial within 180 days *after receiving* a request from him") (emphasis added).[1] However, the United States Supreme Court has construed the IAD to provide that the 180 day period does not commence until the court and the prosecutor of the jurisdiction that lodged the detainer receive the detainee's request. *Fex v. Michigan*, 507 U.S. 43, 51, 113 S.Ct. 1085, 1090, 122 L.Ed.2d 406 (1993).[2] The court stated:

> We must reject petitioner's contention that a prisoner's transmittal of an IAD request to the prison authorities commences the 180 day period even if the request gets lost in the mail and is never delivered to the 'receiving' State.

*Id.* at 47–48, 113 S.Ct. at 1088–89. While acknowledging that this interpretation may subject a detainee to the whims of a negligent or malicious warden, the court envisioned a significantly worse result if "the prosecution will be precluded before the prosecutor even knows it has been requested." *Id.* at 50, 113 S.Ct. at 1090.

## II.

Burks argues that his petition was in substantial compliance with the IAD and his motion to dismiss should have been granted for that reason. However, the

---

1. Notably, Minnesota's Uniform Mandatory Disposition of Detainers Act, the statute that serves to expedite indictments for a defendant incarcerated in Minnesota who has a pending indictment in a Minnesota court, requires that the indictment be brought to trial "[w]ithin six months *after the receipt* of the request and certificate by the court and prosecuting attorney." Minn.Stat. § 629.292, subd. 3 (2000) (emphasis added).

2. We recognize that one jurisdiction has expressly repudiated the holding in *Fex*. *See State v. Morris*, 74 Wash.App. 293, 873 P.2d 561, 565 (1994) (holding that "once the inmate delivers his request to the warden, he has done what the statute obligates him to do to cause it to be delivered").

substantial-compliance cases cited by Burks involve circumstances where the prosecuting jurisdiction had received actual notice of the request for final disposition, even though some aspect of the procedure followed by the detainee was in question. *See, e.g., United States v. Reed,* 910 F.2d 621, 626 (9th Cir.1990) (deputy's actions misled detainee and detainee was not provided with the correct trial-request form); *Gibson v. Klevenhagen,* 777 F.2d 1056, 1058 (5th Cir.1985) (detainee submitted personal letter); *State v. Blackburn,* 214 Wis.2d 372, 571 N.W.2d 695 (1997) (detainee's motion was not sent by registered mail and was proffered before detainer was lodged against him); *Palmer v. Williams,* 120 N.M. 63, 897 P.2d 1111, 1115 (1995) (detainee's filing of motion to dismiss did not constitute substantial compliance with IAD's notice requirements); *State v. Moreau,* 287 N.J.Super. 179, 670 A.2d 608, 610 (1995) (recognizing the substantial-compliance doctrine but finding detainee strictly complied with IAD). These cases do not modify the decision in *Fex* that the 180 day period for speedy resolution of a detainee's charge commences on the detaining state's receipt of the request. *Fex,* 507 U.S. at 51, 113 S.Ct. at 1090.

### III.

Burks further contends that the case should have been dismissed in the interest of justice pursuant to Minn.Stat. § 631.21 (2000). Because this statute provides for dismissal only on the court's own motion or on motion of the prosecuting attorney, it provides no support for a motion to dismiss by Burks.

In any event, the U.S. Supreme Court rejected a similar argument in *Fex,* concluding that defendant's " 'fairness' and 'higher purpose' arguments are * * * more appropriately addressed to the legislatures of the contracting States, which adopted the IAD's text." *Fex,* 507 U.S. at 52, 113 S.Ct. at 1091.

### DECISION

The requirement of the IAD that a detainee be tried on a charge giving rise to a detainer, within 180 days after a request, does not commence until the prosecuting jurisdiction has received the detainee's request for a final disposition. The district court properly denied appellant's motion to dismiss.

**Affirmed.**